**Kingsley BERNARD, Petitioner-Appellant,**

v.

**FCC COLEMAN WARDEN, Respondent-Appellee.**

**No. 15-13344
Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(April 24, 2017)

Kingsley Bernard, Pro Se

Peter J. Sholl, Michelle Thresher Taylor, Arthur Lee Bentley, III, Jeffrey Scott Downing, U.S. Attorney's Office, Tampa, FL, Respondent-Appellee

Before TJOFLAT, HULL, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Kingsley Bernard, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. On appeal, Bernard argues that he satisfies the requirements of the § 2255(e) saving clause because Eleventh Circuit precedent previously foreclosed his claim. After a review of the record and consideration of the parties' briefs, we affirm.

We review *de novo* whether a prisoner may bring a petition for a writ of habeas corpus under the saving clause of § 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than to its validity, are properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). However, the "saving clause" of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241 if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081.

We recently overruled our prior precedents regarding the saving clause and established a new test for when prisoners can proceed under § 2241. *McCarthan*, 851 F.3d at 1092-93, 1099. Looking to the text of the saving clause, we determined that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. *Id.* at 1085-92. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. *Id.* at 1086-87. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. *Id.* at 1093. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved;

or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *Id.* at 1092-93.

In this case, Bernard does not satisfy the new *McCarthan* test for proceeding under the saving clause. Bernard could have brought his § 2241 claims in his first § 2255 motion. *See id.* at 1085-92. Although the district court dismissed his first § 2255 motion as untimely and Bernard currently argues that circuit precedent previously foreclosed his claim, those circumstances did not prevent Bernard from testing the legality of his detention using § 2255. *See id.* at 1086-87. Moreover, Bernard does not challenge the execution of his sentence, his sentencing court is not unavailable, and practical considerations will not prevent him from filing a § 2255 motion in the Eastern District of New York. *Id.* at 1092-93. Indeed, Bernard has already filed two such motions in that court.

**AFFIRMED.**